JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Nicholas DeJesus, individually and on behalf of all others similarly situated

**(b)** County of Residence of First Listed Plaintiff Northampton
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

McCarthy Weisberg Cummings, P.C., 2041 Herr St., Harrisburg, PA 17103, (717) 238-5707

## DEFENDANTS

Creditsafe USA Inc.

County of Residence of First Listed Defendant Lehigh
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 216(b) - Fair Labor Standards Act

Brief description of cause:
Defendants deliberately failed to pay Plaintiff and others earned wages and overtime compensation

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

DATE
07/10/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Nicholas DeJesus, individually and on behalf of all others similarly situated,<br>Plaintiffs,<br>v.<br>Creditsafe USA Inc.<br>Defendant. | COMPLAINT - CLASS ACTION<br>Case No. ______________________<br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Nicholas DeJesus (referred to herein as "DeJesus" or "Named Plaintiff"), individually and on behalf of all others similarly situated (collectively referred to herein as "Plaintiffs"), for his Complaint against Creditsafe USA Inc. (referred to herein as "Creditsafe" or "Defendant"), states as follows:

**Nature of Case**

1. Creditsafe employs approximately one hundred Telesales Executives at its offices in Allentown, Pennsylvania. Since opening its offices in Allentown, Pennsylvania in or about September 2012, Creditsafe has required these employees to arrive to work early, prior to their scheduled shift start time, to log into various computer applications to be ready to begin placing calls at the beginning of their paid shift. In this same time period, Creditsafe has required these employees to stay late, beyond their paid, scheduled shift, in order to reach production quotas established by the company. As such, Creditsafe received unpaid labor from its employees each day. This lawsuit is brought as (a) a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and (b) a class action under Fed. R. Civ. P. 23 and the

Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. § 260.1 *et seq.*, and the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. § 333.101 *et seq.*

**Parties, Jurisdiction, and Venue**

2. DeJesus resides in Bethlehem, Pennsylvania and previously worked as a Telesales Executive at Creditsafe's facility in Allentown, Pennsylvania. DeJesus is a citizen of the Commonwealth of Pennsylvania. DeJesus was, at all material times, a covered, non-exempt employee of Creditsafe within the meaning of the FLSA, 29 U.S.C. §§ 203(e) and (g). DeJesus brings this lawsuit as a collective action under the FLSA on behalf of himself and all other similarly situated employees employed as Telesales Executives by Creditsafe since Creditsafe opened its facility in Allentown, Pennsylvania in or about September 2012.

3. Creditsafe is a provider of on-line company credit reports. It is a for-profit corporation organized under the laws of Delaware, and maintains a business operation located at 1550 Pond Road, Suite 100, Allentown, Pennsylvania 18104.

4. At all material times, Creditsafe has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), PWPCL, 43 P.S. § 260.2a , and PMWA, 43 P.S. § 333.103(g).

5. At all material times, Creditsafe has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

6. At all material times, Creditsafe has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce. 29 U.S.C. § 203(s)(1).

7. Creditsafe has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000. 29 U.S.C. § 203(s)(1).

8. At all material times, Plaintiffs were individual employees engaged in commerce as required by the FLSA, 29 U.S.C. §§ 206, 207.

9. At all material times, Plaintiffs were employees as defined by the PMWA, 43 P.S. § 333.103(h).

10. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Subject matter jurisdiction over Plaintiff's and other similarly situated employees' FLSA claims arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11. The PWPCL and the PMWA each provide for a private right of action to enforce their provisions. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

12. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), because Creditsafe does business in this district, operates a business facility this district, and substantial unlawful conduct giving rise to the claims occurred in this district.

**General Allegations**

13. Plaintiffs were employed by Creditsafe as Telesales Executives. Plaintiffs have been required and/or permitted to work in excess of forty (40) hours per workweek, but have not been compensated all hours worked over forty (40) hours in a given workweek.

14. Since opening its facility in Allentown, Pennsylvania in or about September 2012, and continuing, Creditsafe has had a policy and practice of not correctly compensating their Telesales Executives, to wit:

    a. Telesales Executives are hired to work a forty (40) hour per week shift, which runs Monday through Friday, and paid an annual salary based upon this forty hour workweek;

    b. The shift begins at 8:30 a.m. and ends a 5:00 p.m. with an unpaid one-half hour lunch break, encompassing an eight (8) hour work day;

    c.    The job of a Telesales Executive requires employees to make outbound calls to prospective customers throughout the day;

    d.    Telesales Executives are required to attend a mandatory meeting at 8:30 a.m. each work day prior to engaging in their outbound phone calls;

    e.    Telesales Executives are required to arrive at work at least ten (10) to fifteen (15) minutes each day prior to the 8:30 a.m. meeting in order to log into various computer applications so that they will be ready to immediately engage in placing outbound phone calls at the conclusion of the 8:30 a.m. meeting. Telesales Executives are advised that they will be considered late to work if they do not follow these procedures and are not prepared to immediately engage in placing outbound phone calls at the conclusion of the 8:30 a.m. meeting;

    f.    Telesales Executives are never compensated for the time they are required to arrive prior to 8:30 a.m.;

    g.    Telesales Executives are routinely required to stay at work past their 5:00 p.m. shift end time in order to meet production quotas established by Creditsafe. It is common for Telesales Executives to be required to continue working until 7:00 p.m. or later; and

    h.    Telesales Executives are never compensated for any time they are required to continue working after 5:00 p.m.

15.    The United States Supreme Court has held that preparatory work duties that are integral and indispensable to the principal work activity are compensable under the FLSA. *See IBP, Inc. v. Alvarez*, 126 S. Ct. 514 (2005). Although *Alvarez* arose in the donning and doffing

context in a meat processing plant, its holding is directly applicable to the operations of Creditsafe.

16. Under the holding of *Alvarez*, as well as under consistent rulings and interpretations of the United States Department of Labor, and applicable state law, DeJesus and all similarly situated employees are entitled to compensation for the time spent working before their paid shift.

17. The FLSA further requires employers to compensate employees at a rate not less than one and one-half times the regular rate at which they are employees for any work in excess of forty (40) hours per week. 29 U.S.C. § 207.

18. Creditsafe uniformly denied wages and overtime pay to its employees by requiring them to perform "off the clock" work. Defendant's deliberate failure to pay employees their earned wages and overtime compensation violates the FLSA, PWPCL, and the PMWA.

19. Creditsafe did not accurately record all time worked by its Telesales Executives, and specifically did not include time these employees spent performing integral and indispensable job duties, including logging into various computer applications before the beginning of their paid shift, as well as time spent making phone calls after their shift end time in order to meet Creditsafe's production quotas.

20. Creditsafe required its Telesales Executives to be on the phone at the beginning of their paid shift. This meant the employee must perform the following tasks before their paid shift: (1) starting up computers; (2) logging on to Creditsafe's computer and telephone network; and (3) opening job-related computer programs.

21. Defendant did not pay its Telesales Executives to perform these and other integral and indispensable tasks.

22. On information and belief, Creditsafe adhered to the same policies and practices with respect to all of its Telesales Executives.

23. The net effect of Creditsafe's policies and practices, instituted and approved by company managers, is that Creditsafe willfully failed to pay overtime compensation and willfully failed to keep accurate time records to save payroll costs.

**Collective and Class Action Allegations**

24. DeJesus brings Count I as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all those who file a consent to join form with the Court.

25. DeJesus, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Creditsafe's practice of failing to accurately record, and pay for, all hours worked, including overtime compensation. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Creditsafe's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

26. DeJesus brings Count II as a class action under Fed. R. Civ. P. 23, on behalf of himself and a class defined as follows:

> All current and former non-exempt workers employed by Creditsafe to handle telesales duties at Creditsafe's Pennsylvania facilities during the applicable statute of limitations.

27. The state law claims in Count II satisfy the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Fed. R. Civ. P. 23(a) and (b)(3).

28. The class consists of approximately one hundred (100) persons who are dispersed throughout Pennsylvania, and elsewhere. As a result, the class is sufficiently numerous and joinder of all class members in this action is impracticable.

29. Questions of fact and law common to the Class predominate over any questions affecting only individual class members. The predominating questions of law and fact common to the class consist of at least the following:

Whether Creditsafe had a policy requiring its telesales workers to work unpaid time before their paid shift, to perform tasks such as logging into computer and telephone network system, and starting computer applications.

Whether Creditsafe had a policy requiring its telesales workers to work unpaid time after their paid shift in order to meet production quotas established by Creditsafe.

Whether Creditsafe's policy requiring its call center workers to work unpaid time before and after their paid shift is a violation of Pennsylvania law.

Whether the unpaid pre-shift and post-shift tasks are integral to the principle job duties of the class.

Whether Creditsafe failed to record all work time, including time spent before their paid shift, to perform tasks such as logging into computer and telephone network systems, starting computer applications, and time spend after their paid shift in order to meet production quotas.

Whether Creditsafe's conduct in violating the minimum wage and overtime laws was willful or in good faith.

30. DeJesus' claims are typical of those of the class because he and the class members worked under a common policy, performed similar unpaid job-related pre-shift and post-shift tasks under that common policy, and were similarly uncompensated for those pre-shift and post-shift tasks.

31. A class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims. Creditsafe has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members creates a risk of inconsistent and varying adjudications, establishing inconsistent and incompatible standards of conduct for Creditsafe at its business facilities, and/or substantially impairing or impeding the ability of class members to protect their legal rights and interests. Separate lawsuits would put an

unnecessary and undue burden on the courts by requiring them to adjudicate numerous claims under virtually identical law, facts, and circumstances.

32. DeJesus is an adequate class representative because he is a member of the class and his interests do not conflict with the interests of the class he seeks to represent. The interests of class members will be fairly and adequately protected by DeJesus and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class litigation.

**Count I: Violation of the Fair Labor Standards Act**

33. DeJesus and other similarly situated persons incorporate herein the allegations set forth above.

34. At all times material herein, DeJesus and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

35. The FLSA regulates, among other things, the payment of overtime to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

36. Creditsafe is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce with customers in numerous states, and its employees are engaged in commerce.

37. Creditsafe violated the FLSA by failing to pay for overtime. In the course of perpetrating these unlawful practices, Creditsafe also willfully failed to keep accurate records of all hours worked by its employees.

38. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to DeJesus or other similarly situated employees.

39. DeJesus and all similarly situated employees are victims of a uniform compensation policy. On information and belief, Creditsafe is applying the same unlawful compensation policy to its non-exempt, telesales employees.

40. DeJesus and all similarly situated employees are entitled to damages incurred within the three years preceding the filing of the Complaint, plus periods of equitable tolling, because Creditsafe acted willfully and knew, or showed reckless disregard for, whether its conduct was prohibited by the FLSA.

41. Creditsafe has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, DeJesus and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find Creditsafe did not act willfully in failing to pay overtime pay, DeJesus and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

42. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Creditsafe from DeJesus and all similarly situated employees. Accordingly, Creditsafe is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

**Count II: Violation of the Pennsylvania Wage Payment and Collection Law and the Pennsylvania Minimum Wage Act**

43. DeJesus and other similarly situated persons incorporate herein the allegations set forth above.

44. At all times material herein, DeJesus and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the PWPCL and the PMWA.

45. The PWPCL and the PMWA regulate, among other things, the payment of wages for all hours worked, and overtime at the premium of one-and-a-half times the regular rate for time worked in excess of forty hours in a week, to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 43 P.S. § 260.1 *et seq.*, 43 P.S. § 333.101 *et seq.*

46. Creditsafe is subject to the minimum wage and overtime pay requirements of the PWPCL and the PMWA, because it is an "Employer" as defined in 43 P.S. § 260.2a and 43 P.S. § 333.103.

47. Creditsafe violated the PWPCL and the PMWA by failing to record and pay for all hours worked, including but not limited to overtime. In the course of perpetrating these unlawful practices, Creditsafe also willfully failed to keep accurate records of all hours worked by its employees.

48. 43 P.S. § 333.105 exempts certain categories of employees from minimum wage and/or overtime pay obligations. None of the exemptions apply to DeJesus or other similarly situated employees.

49. DeJesus and all similarly situated employees are victims of a uniform compensation policy. On information and belief, Creditsafe is applying the same unlawful compensation policy to its non-exempt, telesales employees.

50. DeJesus and all similarly situated employees are entitled to special damages in the form of "liquidated damages" as set forth by statute because Creditsafe acted willfully and did not act in good faith in its violation of the Pennsylvania wage and hour laws.

51. Alternatively, should the Court find Creditsafe acted in good faith, DeJesus and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

52. As a result of the aforesaid willful violations of the PWPCL and the PMWA, compensation has been unlawfully withheld by Creditsafe from DeJesus and all similarly situated employees.

WHEREFORE, DeJesus, on behalf of himself and all others similarly situated, demands judgment against Creditsafe for (1) compensatory damages, (2) liquidated damages, (3) pre-judgment and post-judgment interest as provided by law, (4) attorney fees and costs as provided by law, and (5) such other relief as the Court deems fair and equitable.

**DEMAND FOR JURY TRIAL**

DeJesus hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

**MCCARTHY WEISBERG CUMMINGS, P.C.**

Derrek W. Cummings (PA 83286)
dcummings@mwcfirm.com
Larry A. Weisberg (PA 83410)
lweisberg@mwcfirm.com
2041 Herr St.
Harrisburg, PA 17103
Tele: (717) 238-5707
Fax: (717) 233-8133

**ATTORNEYS FOR PLAINTIFFS**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Nicholas DeJesus, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>Credit Safe USA, Inc.<br><br>Defendant. | Case No. |

**CONSENT TO BECOME A PARTY PLAINTIFF**

Fair Labor Standards Act, 29 U.S.C. § 216(b)

I hereby consent to become a party plaintiff in the forgoing action.

Date: 7/8/14

Nicholas DeJesus